IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND

IN RE:                                       *
  MARIA E. CONRAD                              Bankruptcy No. 15-18916-TJC
    Debtor                            *        (Chapter 7)

                                        *     *     *

**TRUSTEE'S AMENDED[1] OBJECTION TO DEBTOR'S CLAIM OF EXEMPT PROPERTY**

TO THE HONORABLE THOMAS J. CATLIOTA, UNITED STATES BANKRUPTCY JUDGE:

      COMES NOW Roger Schlossberg, Trustee, by and through his undersigned counsel, Schlossberg & Mastro, and in support of his *Objection to Debtor's Claim of Exempt Property*, hereby respectfully represents as follows:

### Claimed Exemption of Real Property

      1. Included among that property claimed by the Debtor as exempt on *Schedule C – Property Claimed as Exempt* filed herein is all of the interest of the Debtor in that certain real property located at 2146 Duckwalk Court, Waldorf, Maryland 20602 (the "Realty") as follows:

| Description of Property | Specify Law Providing Each Exemption | Value of Claimed Exemption | Current Value of Property Without Deducting Exemptions |
|---|---|---|---|
| Real Property 2146 Duckwalk Ct. Waldorf, MD 20602 | 11 USC § 522(b)(3)(B) | 227,447.00 | 227,447.00 |

For the convenience of the Court, a copy of the Debtor's *Schedule C* is attached hereto and incorporated by reference herein as "Exhibit 1".[2]

---

[1] The undersigned Trustee files this *Amended Objection to Debtor's Claim of Exempt Property* (the "*Amended Objection*") to correct his omission in his original *Objection to Debtor's Claim of Exempt Property* of that Notice required by Local Bankruptcy Rule 4003-1; which said Notice is included at the foot of the instant *Amended Objection*

[2] While the Debtor asserts that the Realty is valued at $227,447.00 and is subject to no liens, the undersigned Trustee observes that limited on-line research regarding the Realty indicates a higher valuation. However, your

2. As specified in *Schedule A – Real Property* also filed by the Debtor herein, the Debtor's interest in the Realty is that of a tenant by the entireties as also appears by reference to that *Deed* unto the Debtor and her non-debtor spouse, Timothy W. Conrad, dated September 15, 1995 and recorded among the Land Records of Charles County, Maryland at Liber 2135, folio 527; a copy of which said *Deed* also is attached hereto and incorporated by reference herein as "Exhibit 2".

3. As noted aforesaid, the Debtor predicates her claimed exemption in the Realty upon the provisions of 11 U.S.C. § 522(b)(3)(B) which provide, in pertinent part, as follows:

> "(b)(1)… an individual debtor may exempt from property of the estate…
>
> (3)(B)  Any interest in property in which the debtor had, immediately before the commencement of the case, an interest as a tenant by the entirety or joint tenant to the extent that such interest as a tenant by the entirety or joint tenant is exempt from process under applicable nonbankruptcy law…".

11 U.S.C. § 522(b).

4. By the express terms of 11 U.S.C. § 522(b)(3)(B), the interest of the Debtor as a tenant by the entireties in the Realty may be claimed by the Debtor as exempt only "… to the extent that such interest as a tenant by the entirety… is exempt from process under applicable nonbankruptcy law". For those reasons hereinafter detailed, and as guided by the decision of the United States Supreme Court in the case of *United States v. Craft*, 535 U.S. 274 (2002), your Trustee respectfully urges that the interest of the Debtor as a tenant by the entireties in the Realty is not exempt from process under applicable non-bankruptcy law. As such, your Trustee urges that the Debtor's interest in the Realty is not subject to exemption as claimed by her.

### Background of Case

---

Trustee also observes that the value of the Realty is not, in any way, relevant to the issues raised by the instant *Objection*. Accordingly, the Trustee expressly reserves all of his rights with respect to the value of the Realty.

5. On June 17, 2009, the Debtor was charged with conspiracy to commit wire and mail fraud under the provisions of 18 U.S.C. §1349 in Criminal Case No. 09cr-00374-GBL-1 in the United States District Court for the Eastern District of Virginia.  *See* copy of docket entries for said District Court proceeding attached hereto and incorporated by reference as "Exhibit 3".

6. As revealed in the *Criminal Information* ultimately filed in those District Court proceedings, the Debtor conspired with others to commit wire fraud in connection with an elaborate scheme to sell residential real estate in exchange for the proceeds of fraudulently obtained mortgages.

7. On August 27, 2009, the Debtor, together with the United States Attorney for the Eastern District of Virginia, filed a *Plea Agreement* acknowledging her guilt as to the charges pending in that criminal case.  Significantly, the Debtor also agreed to the entry of a restitution order in the full amount of the losses sustained by the victims of her fraudulent scheme.  *See Plea Agreement*, ¶ 9; a copy of which said *Plea Agreement* being attached hereto and incorporated by reference herein as "Exhibit 4".

8. On December 4, 2009, the Debtor appeared before United States District Judge Gerald Bruce Lee for sentencing in the criminal case.  Judge Lee found the Debtor guilty of the charged offenses in open court and subsequently caused a *Written Judgment in a Criminal Case* to be entered therein on December 10, 2009.

9. Also on December 4, 2009, the Court sentenced the Debtor to pay, as restitution, the sum of $838,004.60 as appears by reference to that *Restitution Judgment* entered in the District Court case on that date; a copy of which said *Restitution Judgment* is attached hereto and incorporated by reference herein as "Exhibit 5".

10.  On June 24, 2015, the Debtor filed her *Voluntary Petition* under Chapter 7 of the Bankruptcy Code in the instant administration case and included on *Schedule F* filed herein the United States of America as an unsecured creditor in the full amount of said *Restitution Judgment*.

**Argument**

11.  By application of the provisions of 18 U.S.C. §3613(f), the provisions of 18 U.S.C. §3613 providing civil remedies for satisfaction of unpaid criminal fines, generally, are extended to make such civil remedies also available to the United States for enforcement and satisfaction of orders of restitution such as the *Restitution Judgment* entered against the Debtor as aforesaid.

12.  18 U.S.C. §3613(a) provides that a judgment imposing a fine (or an order of restitution) "… may be enforced against all property or rights to property of the person fined…" (or against whom an order of restitution is entered).

13.  In its decision in *United States v. Craft,* the United States Supreme Court construed the near-identical language appearing in 26 U.S.C. §6321 imposing tax liens in favor of the United States "… upon all property and rights to property…" of defaulting taxpayers.  The Supreme Court permitted the United States to enforce such tax liens against the interests of sole defaulting taxpayers in property held by such taxpayers as tenants by the entireties jointly with their non-liable spouses.  Analyzing Michigan law as to tenancies by the entireties (which State law is consistent with Maryland law), the Supreme Court considered whether the state law rights granted to a tenant by the entireties qualified as "property" or "rights to property" under the provisions of 26 U.S.C. § 6321:

> "The statutory language authorizing the tax lien is broad and reveals on its face that Congress meant to reach every interest in property that a taxpayer might have.  Stronger language

> could hardly have been selected to reveal a purpose to assure the collection of taxes. We conclude that the husband's rights in the entireties property fall within this broad statutory language."

535 U.S. at 283. (Internal quotations and citations omitted).

14. Just as Congress clearly expressed its intent in 26 U.S.C. §6321 (as observed by the Supreme Court in *Craft*) that every interest of a defaulting taxpayer in "property and rights to property" (including the rights of a sole tenant by the entireties) is subject to Federal tax liens, so, too, has Congress expressed its clear intent that a criminal restitution judgment likewise is enforceable under 18 U.S.C. §3613(a) against all interests of that criminal defendant in "property or rights to property"—including any rights of such criminal defendants in property held by them as tenants by the entireties.

15. In light of the Supreme Court's interpretation in *Craft* permitting the United States to enforce its tax lien against the interests of a defaulting taxpayer in entireties property, it is axiomatic that the interest of such a defaulting taxpayer is not "exempt from process under applicable nonbankruptcy law" as required by 11 U.S.C. § 522(b)(3)(B) to allow such property to be claimed as exempt in a bankruptcy case. Similarly, the interests of the Debtor herein in such entireties property as the Realty are subject to enforcement of the *Restitution Judgment* under 18 U.S.C. § 3613(a) and as such, also are not "exempt from process under applicable nonbankruptcy law".

## Conclusion

16. In consideration of the foregoing analysis and application of the Supreme Court's decision in *Craft*, your Trustee respectfully urges that the Debtor may not exempt and thereby shield her interest in the Realty from administration by the undersigned Trustee for the benefit of

– at a minimum – the United States in its unique position as the holder of the *Restitution Judgment* for the ultimate benefit of the victims of the Debtor's malefactions.[3]

WHEREFORE, your Trustee respectfully prays that this Honorable Court:

1. SUSTAIN the Trustee's *Objection to Debtor's Claim of Exempt Property*.

2. DENY the Debtor's exemption of her interest in the Realty.

3. ORDER such other and further relief as the nature of this cause and the interests of justice may require.

Respectfully submitted,

SCHLOSSBERG & MASTRO

By:    */s/ Roger Schlossberg*
Roger Schlossberg
18421 Henson Boulevard
Suite 201
Hagerstown, MD 21742
Telephone:  (301) 739-8610

Attorney for Trustee

---

[3] While your Trustee acknowledges that in light of the ruling of the United States Court of Appeals for the Fourth Circuit in *Williams v. Peyton*, 104 F.3rd 688, Ct. App., 4th Cir. (1997), your Trustee may not be required to object to the Debtor's entireties exemption under 11 U.S.C. § 522(b)(3)(B). However, in order squarely to present the propriety of that claimed exemption for the Court's consideration in a timely manner, and in order to avoid any assertion by the Debtor that, in the absence of such a timely objection to exemptions under Bankruptcy Rule 4003(b), the Trustee might be barred from administering the Debtor's interest in the Realty pursuant to the decision of the United States Supreme Court in *Taylor v. Freeland & Kronz*, 503 U.S. 638, 112 S.Ct. 1644 (1992), your Trustee has acted in an abundance of caution to file the instant *Objection*.

Further, your Trustee notes that, contemporaneous with the filing of the instant *Objection*, he also has filed his *Complaint to Sell Real Property Free and Clear of Interest of Co-Owner* pursuant to the provisions of 11 U.S.C. §363(h) seeking authority thereunder to sell and convey the Realty free and clear of the interests of both the Debtor and her non-debtor spouse, Timothy W. Conrad.

### NOTICE TO DEBTOR

**TAKE NOTE, pursuant to Local Bankruptcy Rule 4003-1 as follows:**

- **Any opposition to the foregoing *Trustee's Objection* must be filed and served within twenty-eight (28) days after the date of service of this *Objection*.**

- **The Court may rule upon the *Objection* and any response thereto without a hearing.**

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 26th day of August, 2015, that a copy of the foregoing was served electronically to those recipients authorized to receive a Notice of Electronic Filing by the Court and/or by first-class mail, postage prepaid to Maria E. Conrad, 2146 Duckwalk Court, Waldorf, MD 20602.

                    */s/ Roger Schlossberg*
                    Roger Schlossberg