UNITED STATES BANKRUPTCY COURT
DISTRICT OF MARYLAND
**Greenbelt Division**

_____
                                                        )
In re:   MARIA E. CONRAD           )     Case Number:  15-18916 - TJC
                                                        )     Chapter 7
                    Debtor.              )
_____)

**OPPOSITION TO TRUSTEE'S AMENDED OBJECTION
TO DEBTOR'S CLAIM OF EXEMPT PROPERTY**

**COMES NOW** Maria E. Conrad (the "Debtor"), by and through her undersigned counsel, and submits this Opposition to Trustee's Amended Objection to Debtor's Claim of Exempt Property, and shows unto this Court as follows:

**SUMMARY OF ARGUMENT**

1. The trustee presents a novel and creative argument attempting to find legal grounds to deny the Debtor her exemption for the home she holds in a tenancy by the entirety with her husband.

2. The trustee has no authority on point and so he is reaching.  He is asking the court to extend the reasoning of the Supreme Court in the tax lien case of *United States v. Craft*, 535 U.S. 274 (2002) construing 26 U.S.C. Section 6321 to what he sees as the operative statute in this case, 18 U.S.C. Section 3613 which deals with enforcement by the federal government of judgments imposing fines.  The burden of proof is on the trustee.

3. The law, and particularly the facts in this case, however, make the trustee's argument inapplicable.

4. Most importantly, there is no lien resulting from the restitution judgment in this case because the requirements of Section 3613 to create a valid lien have not been met.

1

## ARGUMENT

### The Trustee's Operative Statute Does Not Create the Necessary Lien

5. In his objection to Debtor's claimed exemption, the trustee argues that the operative federal statue in this case is 18 U.S.C. Section 3613.

6. Section 3613(a) provides, *inter alia*, that the federal government may enforce a judgment imposing a fine by employing practices and procedures available under state and federal law, adding that "a judgment imposing a fine may be enforced against all property <u>or rights to property</u> of the person fined . . ." (Emphasis added.)

7. It is upon the underlined wording "and rights to property" which appears in tax lien section of the Internal Revenue Code (IRC) that the Supreme Court seized upon in *Craft* to hold that federal tax liens attach to the property rights of a tenant by the entirety.

8. The trustee concludes that since that language in 18 U.S.C. Section 3613(a) -- ". . . property <u>or rights to property</u>" – is identical to the language in 26 U.S.C. Section 6321, the tax lien statute construed by the Supreme Court Craft in *Craft*, it must follow that Section 3613 would reach the Debtor's entirety interest in this case.

9. The most serious problem with the trustee's argument is that he has failed to read further into Section 3613 and note the other conditions to its implementation.

10. The fatal flaw in the trustee's case is that the restitution judgment in this case is <u>not</u> a lien.

11. Subsection (d) of Section 3613 requires that the judgment be perfected according to state law.

12. Maryland, like most jurisdictions, requires that, for a judgment lien to attach to real estate, it has to be recorded in the county in which the real estate in question is located.

13. The Debtor, through counsel, engaged a title company to conduct a search. The judgment for restitution of the federal court in Virginia has not been recorded in the county in Maryland where she maintains here home. (Exhibit, Title Search of ProTitleUSA.)

14. In addition, generally federal court judgments are considered "foreign judgments" which must be "domesticated" in the jurisdiction in which they are sought to be enforced. There is no evidence that was done.

15. The trustee is trying to compare the reach of the tax lien construed by the Supreme Court in *Craft* to a completely different type of liability – an unsecured debt.

16. The Debtor claims exemption for her home on 11 U.S.C. Section 522(b)(3)(B), which provides, in pertinent part:

    "(b)(1) . . . an individual debtor may exempt from property of the estate . . .

    (3)(B)  Any interest in property in which the debtor had, immediately before the commencement of the case, an interest as a tenant by the entirety or joint tenant <u>to the extent that such interest as a tenant by the entirety</u> or joint tenant <u>is exempt from process under applicable nonbankruptcy law</u> . . ."

17. As discussed above, the statute that the trustee relies upon, 18 U.S.C. Section 3613, as "applicable nonbankruptcy law" does not reach the Debtor's tenancy by the entirety interest, and hence that interest is exempt from process and protected by 11 U.S.C. Section 522(b)(3)(B).

### Conclusion

18. It should be noted that the Debtor is not arguing that the debt is dischargeable. It is not.

19. Nor is the Debtor arguing that the federal government could not take steps in the future to enforce its judgment, if it so desires.

20. The Debtor is only arguing that in this bankruptcy case, the Debtor's interest in the property, as a tenant by the entirety, is not subject to enforcement under the federal statute the trustee relies upon is therefore exempt from process and protected by 11 U.S.C. Section 522(b)(3)(B).

21. The Debtor filed this case to deal with pressing financial problems beyond the restitution liability. Liquidation of her long-time home would work an additional hardship on her and her husband and bring a relatively small amount to the government.  The Debtor was a very minor player in the criminal enterprise in which she was ensnared and for which she was convicted.  Since her release from prison in 2010 she has faithfully made the $100/month payment to the clerk as ordered by the federal court.

WHEREFORE, the Debtor respectfully requests that the court issue an order deny the trustee objection to her claim of exemption.

Date:  September 22, 2015

By:  /s/ Edward Gonzalez
Edward Gonzalez, Esq., MD Fed. Bar #13842
Edward Gonzalez, PC
2405 I Street, NW, Suite 1A
Washington, DC  20037
(202) 822-4970
E-mail: eg@money-law.com
Attorney for the Debtor

### Certificate of Service

I HEREBY CERTIFY that on September 22, 2015 a copy of the foregoing Motion was sent electronically by ECF and by first-class mail postage pre-paid to:

1. The Chapter 7 trustee
2. U.S. Trustee
3. All creditors
4. Debtor

/s/ Edward Gonzalez
Edward Gonzalez

4