UNITED STATES BANKRUPTCY COURT
DISTRICT OF MARYLAND
Greenbelt Division

_____ )
In re:                               )
    MARIA E. CONRAD,               )
                                     )   Case Number 15-18916 TJC
    Debtor                         )   Chapter 7
                                     )
                                     )   Adversary No. 15-00420
_____  )

### DEBTOR'S SUPPLEMENTAL MEMORANDUM IN SUPPORT OF

### 1) OPPOSITION TO TRUSTEE'S AMENDED OBJECTION TO DEBTOR'S CLAIM OF EXEMPT PROPERTY
### AND
### 2) MOTION TO DISMISS TRUSTEE'S COMPLAINT TO SELL PROPERTY

COMES NOW Maria E. Conrad ("Debtor"), by and through her undersigned counsel, and files this supplemental memorandum of law in support of 1) Debtor's Opposition to Trustee's Amended Objection to Debtor's Claim of Exempt Property, and 2) Debtor's Motion to Dismiss Trustee's Complaint to Sell Property Free and Clear of Interest of Co-Owner.  For each of the following additional reasons, Debtor respectfully requests this Court to 1) deny Trustee's objection to Debtor's exemption of her tenants-by-the-entirety property in the Chapter 7 case, and 2) grant Debtor's motion to dismiss the trustee's complaint to sell property free and clear of interest of co-owner in the  adversary proceeding.

### ARGUMENT

**I.      NO ENFORCEABLE LIEN EXISTS AGAINST DEBTOR'S MARYLAND PROPERTY**

1

1.	Debtor's interest in her residential property located at 2146 Duckwalk Court, Waldorf, Maryland 20602, is held as tenants by the entirety with her husband, Timothy Conrad. It is uncontested that tenants-by-the-entirety property is exempt under the U.S. Bankruptcy Code at 11 U.S.C. § 522(b)(3)(B), and pursuant to applicable Maryland law.  *See* Md. Code Ann., Real Property ("RP") § 4-108; *Young v. Young*, 37 Md. App. 211, 376 A.2d 1151 (1977). Accordingly, Debtor properly scheduled this property as exempt in her Chapter 7 bankruptcy petition and schedules.

2.	The Trustee's opposition to Debtor's claim of exemption is based solely on the U.S. Supreme Court's decision in *United States v. Craft*, 535 U.S. 274 (2002).  To the contrary, the *Craft* decision concerns the enforcement of a valid federal tax lien, which is not at issue in Debtor's bankruptcy.  *Craft* has no effect on the status of Debtor's property.

3.	The Trustee argues that under 18 U.S.C. § 3613, the Government's right to enforce a criminal restitution judgment lien against Debtor somehow extinguishes the nature of Debtor's interest in her real property pursuant to *Craft*.  Not only is there no reference in 18 U.S.C. § 3613 to tenants-by-the-entirety property, but also *Craft* applies only to federal tax liens, and in the present case neither the Trustee nor the federal Government even holds an enforceable criminal restitution lien against Debtor's property.

4.	As stated in 18 U.S.C. § 3613(d), a criminal restitution judgment creates a valid lien enforceable against a debtor only after a notice of the lien has been filed in a manner similar to that of filing a notice of a federal tax lien.  Specifically, § 3613(d) states:

> Upon filing of a notice of lien in the manner in which a notice of tax lien would be filed under section 6323(f)(1) and (2) of the Internal Revenue Code of 1986, the lien shall be valid against any purchaser, holder of a security interest, mechanic's lienor or judgment lien creditor, except with respect to properties or transactions specified in subsection (b), (c), or (d) of section 6323 of the Internal Revenue Code of 1986 for which a notice of tax lien properly filed on the same date would not be valid. The notice of lien shall be considered a notice of lien for taxes payable to the United States for the purpose of any State or local law providing for the filing of a notice of a tax lien. A notice of lien that is registered, recorded, docketed, or indexed in accordance with the rules and requirements relating to judgments of the courts of the State where the notice of lien is registered, recorded, docketed, or indexed shall be considered for all purposes as the filing prescribed by this section.

18 U.S.C. § 3613(d).

5.    In *In re Reasonover*, 236 B.R. 219 (Bankr. E.D. Va. 1999), the bankruptcy court emphasized that a criminal restitution judgment lien is not enforceable or valid against any judgment lien creditor until the lien is filed.  Where no notice of such a filing occurs prior to the date the debtor filed for bankruptcy protection, the lien is unperfected against a bona fide purchaser for value on the filing date.

6.    In the present case, Debtor is a party to a criminal restitution judgment, but it is uncontested that the federal Government never filed a notice of judgment lien in the State of Maryland pursuant to the requirements of 18 U.S.C. § 3613(d).  (*See* Prop. & Ownership Info. for 2146 Duckwalk Court, Waldorf, MD 20602, attached hereto as Ex. A.)  Because the Government never filed a criminal restitution judgment lien in Maryland against Debtor's property, it has no right to enforce the lien against Debtor's tenants-by-the-entirety property and has no legal basis upon which to object to Debtor's claim of property exemption.

## II.  A FEDERAL RESTITUTION JUDGMENT IS NOT ENFORCEABLE AGAINST TENANTS-BY-THE-ENTIRETY PROPERTY

7. The gravamen of the Trustee's Objection to Debtor's Claim of Exempt Property is that the Government's ability to enforce a federal tax lien on a debtor's property, including tenants-by-the-entirety property under *Craft*, 535 U.S. 274, and 26 U.S.C. § 6321, should be extended to the Government's right to enforce a criminal restitution judgment lien under 18 U.S.C. § 3613(f).

8. Yet even if there were a valid lien filed in Maryland against Debtor's property, which there is not, the Trustee cites no authority for this unwarranted expansion of the federal criminal restitution statute.  The Trustee's argument is simply tantamount to an unauthorized judicial redrafting of a federal law.

9. The federal statutes analogized by the Trustee, 26 U.S.C. § 6321 and 18 U.S.C. § 3613, cannot be applied to the facts in this case.  The federal tax statute, as applied in the *Craft* decision, states:

> If any person liable to pay any tax neglects or refuses to pay the same after demand, the amount (including any interest, additional amount, addition to tax, or assessable penalty, together with any costs that may accrue in addition thereto) shall be a lien in favor of the United States upon all property and rights to property, whether real or personal, belonging to such person.

26 U.S.C. § 6321. The tax lien must be recorded in accordance with state law.  *Id.* § 6323(f). As explained above, the criminal restitution statute at issue in the present case requires the filing of a judgment lien to be valid and enforceable against Debtor's property.  No such filing occurred.

4

10. Unlike in the present case, in *Craft*, the federal tax lien at issue was filed and recorded pursuant to Michigan state law. 535 U.S. at 276-77. The Court's holding that the exempt status of the debtor's tenants-by-the-entirety property under state law did not bind the federal tax collector was premised on the Court's conclusion that the federal tax lien attached to the entireties property and that the enforcement of the federal tax lien essentially preempted the state exemption law. *Id.* at 288-89.

11. *Craft* has no effect in the present case because there is no enforceable lien that attached to Debtor's tenants-by-the-entirety property. The property therefore remains exempt. Further, *Craft* is fact-specific and applies only to the enforcement of a valid federal tax lien. The Trustee cites no authority that has expanded the holding in *Craft* to the federal criminal statutes. *Craft* does not support the Trustee's objection to Debtor's claim of exemption, and the Trustee's objection should be denied in its entirety, and his complaint to sell the property held as a tenancy by the entirety by she and her husband dismissed.

## CONCLUSION

WHEREFORE, Debtor respectfully requests this Court to enter an Orders, in the separate cases, 1) denying in its entirety the Trustee's Objection to Debtor's Claim of Exempt Property and 2) granting the Debtor's motion to dismiss the complaint to sell the property at issue and granting whatever further relief the Court deems just and proper at this time.

Date:  December 5, 2015                             Respectfully submitted,

                                                               By:    /s/ Edward Gonzalez
                                                                     Edward Gonzalez, Esq.
                                                                     MD Fed. Bar #13842
                                                                     Law Office of Edward Gonzalez, PC

2405 I Street, NW, Suite 1A  
Washington, DC  20037  
Telephone:  (202) 822-4970  
Email:  eg@money-law.com  
Attorney for the Debtor  
And Co-Owner of Debtor's Property

## CERTIFICATE OF SERVICE

I hereby certify that I caused a true and correct copy of the foregoing to be filed electronically using the CM/ECF system or by first-class mail, postage prepaid, to the following:

Roger Schlossberg, Esq.

The Chapter 7 Trustee

The U.S. Trustee

/s/Edward Gonzalez, Esq.