Date signed January 04, 2016



IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
at GREENBELT

| | | |
|---|---|---|
| In re: | * | Case No.  15-18916-TJC |
| Maria E. Conrad, | * | Chapter   7 |
| Debtor | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

The Chapter 7 Trustee, Roger Schlossberg (the "Trustee"), objects to the exemption claimed under 11 U.S.C. §522(b)(3)(B) by the debtor Maria Conrad (the "Debtor") of her tenant by the entireties interest in real property.  The Debtor is the subject of a federal judgment of restitution entered pursuant to 18 U.S.C. §3613.  The Trustee's objection relies on *United States v. Craft*, 535 U.S. 274, 122 S.Ct. 1414, 152 L.Ed.2d 437 (2002), which held that one spouse's tenant by the entireties interest in real property is subject to attachment under 26 U.S.C. §6321 of a federal tax lien levied solely against that spouse.  The Trustee argues that the government's statutory enforcement rights for federal restitution judgments under 18 U.S.C. §3613 mirror those for unpaid federal taxes, and therefore the rationale of *Craft* applies equally to the collection of a restitution judgment against an individual spouse.  For the reasons stated herein, the court concludes that the Debtor's interest as a tenant by the entireties in real property is not exempt from process against a restitution judgment entered solely against her.  Therefore, her

1

entireties interest is not subject to exemption under 11 U.S.C. §522(b)(3)(B), and the court will sustain the Trustee's objection.

The court has jurisdiction over this matter pursuant to 28 U.S.C. §§1334, 157(a) and Local Rule 402 of the United States District Court of the District of Maryland.  This is a statutorily core proceeding pursuant to 28 U.S.C. §157(b)(2)(B), and the court has constitutional authority to resolve the dispute because it "stems from the bankruptcy case itself." *Stern v. Marshall*, ⸺ U.S. ⸺, 131 S.Ct. 2594, 2618, 180 L.Ed.2d 475 (2011).

### Findings of Fact

The Debtor filed her individual petition under Chapter 7 on June 24, 2015.  Shortly thereafter, the Trustee was appointed as the interim trustee and now serves as the permanent trustee pursuant to the provisions of 11 U.S.C. §702(d).

Prior to the filing of the bankruptcy petition, on June 17, 2009, the Debtor was charged with conspiracy to commit wire and mail fraud under the provisions of 18 U.S.C. §1349 in Criminal Case No. 09cr-00374-GBL-1 in the United States District Court for the Eastern District of Virginia.  On August 27, 2009, the Debtor, together with the United States Attorney for the Eastern District of Virginia, filed a Plea Agreement (the "Plea Agreement") in which she pled guilty to a count of conspiracy.  ECF 18-4.  The Debtor also agreed to the entry of a restitution order for the full amount of the losses sustained by the victims of her admitted fraudulent scheme.

Subsequently, the Honorable Gerald Bruce Lee found the Debtor guilty of the charged offense.  Judge Lee sentenced the Debtor to pay, as restitution, the sum of $838,004.60 as set forth in the Restitution Judgment entered in the District Court case on December 4, 2009 (the "Restitution Judgment").  ECF 18-5.

The Debtor owns an interest in certain improved real property located at 2146 Duckwalk Court, Waldorf, Maryland (the "Property").  On Schedule A, the Debtor stated she held her interest in the Property as a tenant by the entireties with her husband, and this fact is not disputed.  *See* ECF 1, at 8.  The Property is listed as having an unencumbered value of $227,407.  *Id.*  The Debtor timely claimed her interest in the Property on Schedule C as exempt under 11 U.S.C. §522(b)(3)(B).  *Id.* at 12.

The Debtor listed the United States of America on Schedule F as holding an undisputed, unsecured claim in the full amount of the Restitution Judgment, $838,004.60.  The bar date for filing claims was November 23, 2015.  ECF 16.  The United States did not file a proof of claim.  On December 22, 2015, the Trustee filed a proof of claim on behalf of the United States asserting a claim in the amount of the Restitution Judgment.  Claim 1; *See* Fed. R. Bankr. P. 3004.

## Conclusions of Law

A debtor may exempt property from the bankruptcy estate pursuant to 11 U.S.C. §522.  Exempt property is not property of the estate or available for administration by a trustee.  Pursuant to 11 U.S.C. §522(b)(2), Maryland has opted-out of the federal exemption scheme provided in 11 U.S.C. §522(d).  Md. Code Ann., Cts. & Jud. Proc. §11-504(g).  Therefore, a debtor in Maryland is afforded the exemptions provided under Maryland law.  However, a debtor that uses Maryland state exemptions may also exempt from property of the estate:

> any interest in property in which the debtor had, immediately before the commencement of the case, an interest as a tenant by the entirety or joint tenant to the extent that such interest as a tenant by the entirety or joint tenant is exempt from process under applicable nonbankruptcy law.

11 U.S.C. §522(b)(3)(B).

Only the Debtor is liable on the Restitution Judgment. Under Maryland law, a debtor's individual creditors "cannot levy upon nor sell a debtor's undivided interest in entireties property to satisfy debts owed solely by the debtor." *In re Bell-Breslin*, 283 B.R. 834, 837 (Bankr. D.Md. 2002). *See also Sumy v. Schlossberg*, 777 F.2d 921 (4th Cir. 1985). Thus, if Maryland law is the "applicable nonbankruptcy law" for purposes of 11 U.S.C. §522(b)(3)(B), there is no question that the Debtor's interest in entireties property is exempt from process on the Restitution Judgment and may be exempted from the bankruptcy estate. *See id.*

The Trustee argues, however, that with respect to the Restitution Judgment, "applicable nonbankruptcy law" is federal law, not state law. The Trustee argues that the Debtor's tenancy by the entireties interest in the Property is not exempt from process by the United States under 18 U.S.C. §3613. He argues, therefore, that the Debtor cannot claim an exemption for her entireties interest against the Restitution Judgment and he can administer the Property for the benefit of the United States toward satisfaction of that claim. In support of his position, the Trustee relies on the rationale of the Supreme Court in *Craft*, 535 U.S. 274.

In *Craft*, the Court concluded that a husband's interest in tenants by the entireties property is subject to attachment of a federal tax lien levied for the husband's sole tax obligation pursuant to 26 U.S.C. §6321. *Id.* That section provides that the amount of any unpaid tax, after demand, shall be a lien in favor of the United States on "all property and rights to property" whether real or personal, belonging to the taxpayer. 26 U.S.C. §6321. In reaching its conclusion, the Court found that "[t]he statutory language authorizing the tax lien 'is broad and reveals on its face that Congress meant to reach every interest in property that a taxpayer might have.'" *Id.* at 283 (quoting *United States v. National Bank of Commerce*, 472 U.S. 713, 719-20, 105 S.Ct. 2919, L.Ed.2d 565 (1985)). The Court also noted that "'[s]tronger language could hardly have been

selected to reveal a purpose to assure the collection of taxes.'" *Id.* (quoting *Glass City Bank v. United States*, 326 U.S. 265, 267, 66 S.Ct. 108, 90 L.Ed. 56 (1945)).

The Court stated that it looked to state law to determine what rights the husband had in the property, and then to federal law to determine the federal question at issue: whether those rights constitute "property" or "rights to property" for purposes of 26 U.S.C. §6321. *Id.* at 278. Using the common idiom describing property as a "bundle of sticks" the Court considered the rights a tenant by the entireties holds under Michigan law - which "sticks" are in a person's bundle - to determine whether those sticks qualify as "property" or "rights to property" in answer to the federal question. *Id.* The state rights include, among others, the right to use and receive income from the property and the right to exclude others from using it. These rights, according to the Court, are among "the most essential property rights." *Id.* at 283. The Court concluded that these and the other rights the husband held in entireties property fall within the broad statutory language of "property" or "rights to property" in 26 U.S.C. §6321. *Id.*

The Court noted that the husband lacked the right to unilaterally alienate the property and that right is often included in the bundle of property rights. *Id.* at 282. According to the Court, however, there is no reason to believe "that this one stick . . . is essential to the category of 'property.'" *Id.* As such, the husband's interest was subject to attachment of the tax lien that arose from his sole unpaid obligation to pay taxes.

The Court recognized that a different conclusion would be reached under Michigan law. *Id*. at 288. But in answering the federal question, the Court was "in no way bound" by the state law determination: "exempt status under state law does not bind the federal collector." *Id.* at 288-89.

5

Here, the enforcement scheme for restitution orders and judgments is contained in 18 U.S.C. §3613.[1] Section 3613(a) provides that the United States may enforce a restitution judgment against "all property or rights to property" of the person fined. 18 U.S.C. §3613(a). There is no meaningful difference between this language and the language in 26 U.S.C. §6321,

---

[1] It provides:

Civil Remedies for satisfaction of an unpaid fine

(a) The United States may enforce a judgment imposing a fine in accordance with the practices and procedures for the enforcement of a civil judgment under Federal law or State law. Notwithstanding any other Federal law (including section 207 of the Social Security Act), a judgment imposing a fine may be enforced against all property or rights to property of the person fined, except that--

(1) property exempt from levy for taxes pursuant to section 6334(a)(1), (2), (3), (4), (5), (6), (7), (8), (10), and (12) of the Internal Revenue Code of 1986 shall be exempt from enforcement of the judgment under Federal law;

(2) section 3014 of chapter 176 of title 28 shall not apply to enforcement under Federal law; and

(3) the provisions of section 303 of the Consumer Credit Protection Act (15 U.S.C. 1673) shall apply to enforcement of the judgment under Federal law or State law.

(b) Termination of liability.--The liability to pay a fine shall terminate the later of 20 years from the entry of judgment or 20 years after the release from imprisonment of the person fined, or upon the death of the individual fined.

(c) Lien.--A fine imposed pursuant to the provisions of subchapter C of chapter 227 of this title, or an order of restitution made pursuant to sections[1] 2248, 2259, 2264, 2327, 3663, 3663A, or 3664 of this title, is a lien in favor of the United States on all property and rights to property of the person fined as if the liability of the person fined were a liability for a tax assessed under the Internal Revenue Code of 1986. The lien arises on the entry of judgment and continues for 20 years or until the liability is satisfied, remitted, set aside, or is terminated under subsection (b).

(d) Effect of filing notice of lien.--Upon filing of a notice of lien in the manner in which a notice of tax lien would be filed under section 6323(f)(1) and (2) of the Internal Revenue Code of 1986, the lien shall be valid against any purchaser, holder of a security interest, mechanic's lienor or judgment lien creditor, except with respect to properties or transactions specified in subsection (b), (c), or (d) of section 6323 of the Internal Revenue Code of 1986 for which a notice of tax lien properly filed on the same date would not be valid. The notice of lien shall be considered a notice of lien for taxes payable to the United States for the purpose of any State or local law providing for the filing of a notice of a tax lien. A notice of lien that is registered, recorded, docketed, or indexed in accordance with the rules and requirements relating to judgments of the courts of the State where the notice of lien is registered, recorded, docketed, or indexed shall be considered for all purposes as the filing prescribed by this section. The provisions of section 3201(e) of chapter 176 of title 28 shall apply to liens filed as prescribed by this section.

(e) Discharge of debt inapplicable.--No discharge of debts in a proceeding pursuant to any chapter of title 11, United States Code, shall discharge liability to pay a fine pursuant to this section, and a lien filed as prescribed by this section shall not be voided in a bankruptcy proceeding.

(f) Applicability to order of restitution.--In accordance with section 3664(m)(1)(A) of this title, all provisions of this section are available to the United States for the enforcement of an order of restitution.

18 U.S.C. §3613.

which the Supreme Court described as "broad" and intended "to reach every interest" that a person might have. *Craft*, 535 U.S. at 283. Moreover, the parties agree that the Debtor's rights as a tenant by the entireties under Maryland law are the same as those of a tenant by the entireties under Michigan law, the applicable state law in *Craft*. Thus, the Debtor holds the same rights as the husband did in *Craft*. Because those rights in *Craft* constitute "property" or "rights to property" under 26 U.S.C. §6321, they also constitute "property" or "rights to property" under 18 U.S.C. §3613(a).

Further, not only is the description of the property interest in 18 U.S.C. §3613(a) the same as that in *Craft*, but a review of the entire enforcement scheme in 18 U.S.C. §3613 reveals a clear Congressional intent to treat the enforcement of restitution judgments the same as that for unpaid taxes. Under 18 U.S.C. §3613(a), a restitution judgment may be enforced against all property or rights to property of the person fined except that "property exempt from levy for taxes pursuant to section 6334(a)(1), (2), (3), (4), (5), (6), (7), (8), (10), and (12) of the Internal Revenue Code of 1986 shall be exempt from enforcement . . . ." 18 U.S.C. §3613(a). Under 18 U.S.C. §3613(c), a lien in favor of the United States arises upon the entry of the restitution judgment and attaches to all property and rights to property of the person fined "as if the liability of the person fined were a liability for a tax assessed under the Internal Revenue Code of 1986." 18 U.S.C. §3613(c). Under 18 U.S.C. §3613(d), upon the filing of the notice of lien "in the manner in which a notice of tax lien would be filed under section 6323(f)(1) and (2) of the Internal Revenue Code of 1986" the lien shall be valid against purchasers, holders of security interests and the like "except with respect to properties or transactions specified in subsection (b), (c), or (d) of section 6323 of the Internal Revenue Code of 1986 for which a notice of tax lien properly filed on the same date would not be valid." 18 U.S.C. §3613(d). Section 3613(d)

also provides that "[t]he notice of lien shall be considered a notice of lien for taxes payable to the United States for the purpose of any State or local law providing for the filing of a notice of a tax lien." *Id*.

The foregoing makes clear that Congress intended that the United States should have the same enforcement rights in the same broadly defined property interests against a person subject to a restitution judgment that it has against a taxpayer. The court concludes that, in light of the broad description of the property interests that are subject to the United States' enforcement rights in 18 U.S.C. §3613(a), and the clear Congressional intention to treat those rights on par with the government's right to collect taxes, the rationale of *Craft* applies to the Restitution Judgment.

The court has identified two cases that support the conclusion reached here. In *United States v. Becker*, 03-CV-1602-DDN, 2005 WL 6120994 (E.D.Mo. 2005), the United States sought to attach the interest of the defendant in all property and rights to property to satisfy a restitution order pursuant to 18 U.S.C. §3613, including property held as tenants by the entireties. The defendant argued that the rationale of *Craft* only applies to tax liens and is therefore not applicable to the type of debt arising under 18 U.S.C. §3613. The court disagreed, and focused on the broad language of 18 U.S.C. §3613. It concluded that "the court considers *Craft* both instructive and authoritative." *Id.* at *6. The court held, that in light of *Craft*, "whatever interest [the defendant] had at the time judgment was entered was subject to the lien." *Id.* at *7.

In *In re Hutchins*, 306 B.R. 82 (Bankr. D.Vt. 2004), the court concluded that a federal lien for a restitution order entered against one spouse under 18 U.S.C. §3613 can be properly attached to properties held as tenants by the entireties. In determining whether *Craft* applies, the

8

court noted that "[a]lthough *Craft* dealt only with tax liens, Congress has unequivocally stated that criminal fines are to be treated in the same fashion as federal tax liabilities." *Id.* at 91.

The Debtor argues that the policy considerations behind Congress's intention to provide the government with broad tax collection rights differ from those that led it to grant broad enforcement rights for restitution judgments. That is undoubtedly true. But Congress's policy choices are not pertinent to the issue before the court. Presumably Congress concluded that providing the United States with broad restitution enforcement rights furthers the criminal justice system, serves as a deterrent against crime, and enhances victims' opportunity to be compensated for the crimes against them. Congress's reasons for enacting a statute might be pertinent to the interpretation of an ambiguous statute, but that is not present here.

The Debtor also argues that the Restitution Judgment anticipated that it would be paid monthly, and not through attachment or a sale of her property interests. She bases this argument on the statement in the Restitution Judgment that "[t]he defendant shall pay to the Clerk at least $100.00 per month beginning 60 days after release from incarceration." ECF 18-5, at ¶7. The argument is belied by the express language of both the Plea Agreement and the Restitution Judgment. The Plea Agreement states:

> The defendant understands and agrees that, pursuant to Title 18, United States Code, Section 3613, whatever monetary penalties are imposed by the Court will be due and payable immediately and subject to immediate enforcement by the United States as provided for in Section 3613…. If the Court imposes a schedule of payments, the defendant understands that the schedule of payments is merely a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment.

ECF 18-4, at ¶8. The Restitution Judgment states:

> Restitution is due immediately, and notwithstanding any other provision of this Restitution Judgment, the Government may enforce restitution at any time. The defendant shall make a bona fide effort to pay restitution in full as soon as practical.

9

ECF 18-5, at ¶5.  This unambiguous language makes it clear that the judgment was immediately due and payable and subject to the enforcement rights of 18 U.S.C. §3613.  It also makes clear that any schedule of payments "is merely a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment."  *Id.*

Finally, the Debtor points out that the United States did not file a notice of lien pursuant to 18 U.S.C. §3613(d).  Under 18 U.S.C. §3613(c), a "lien arises" upon the entry of the restitution order and continues for 20 years, if not terminated sooner.  Under 18 U.S.C. §3613(d), the lien is perfected as against certain third parties by the filing of a notice of lien in the manner in which a tax lien is filed.  18 U.S.C. §3613(d).

Here, the lien arose when the Restitution Judgment was entered on December 4, 2009.  Whether the failure to file a notice of lien has any effect on the Trustee's ability to administer the asset remains to be determined.  But the status of the lien is beside the point on the question of whether the Debtor can claim the Property is exempt.  That question is resolved by the determination above - that the "applicable nonbankruptcy law" for purposes of 11 U.S.C. §522(b)(3)(B) is federal law, and under federal law the Debtor's entireties interest is subject to process by the United States under 18 U.S.C. §3613(a).

## Conclusion

For the foregoing reasons, the court will sustain the Trustee's objection to the Debtor's claim of exemption for her tenant by the entireties interest in the Property as against the Restitution Judgment.  A separate order will follow.

cc:   Debtor
      Debtor's Counsel
      Chapter 7 Trustee
      Counsel for the Chapter 7 Trustee

United States Trustee

**End of Memorandum Opinion**